**OHIO CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Ambrose F. MOHAN and Carolina Casualty Insurance Co.**

**No. 14962.**

United States Court of Appeals Third Circuit.

Argued Jan. 4, 1965.

Decided July 29, 1965.

Rehearing Denied Sept. 29, 1965.

---

Joseph G. Manta, LaBrum & Doak, Philadelphia, Pa. (Edward C. German, Philadelphia, Pa., on the brief), for appellant.

Henry F. Huhn, Philadelphia, Pa. (Howard R. Detweiler, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and KALODNER and SMITH, Circuit Judges.

BIGGS, Chief Judge.

The plaintiff-appellant, Ohio Casualty Insurance Company (Ohio), an Ohio corporation, sued Ambrose F. Mohan, a citizen of Pennsylvania, and his insurer, Carolina Casualty Insurance Company (Carolina), a North Carolina corporation,[1] seeking indemnification, or in the alternative, contribution, for a judgment paid by Ohio on behalf of its insured, Jim Banes Ford, Inc. (Banes Ford), Mohan's employer. Carolina had insured Mohan to the extent of $10,000 for personal injuries suffered by one person arising out of the maintenance or use of a non-owned automobile. Ohio had insured Banes Ford to the extent of $50,000 for personal injuries suffered by one person under a garage owner's liability policy.

Further relevant facts as alleged in the complaint are as follows: Mohan was the service manager of Banes Ford. One of his duties as service manager was to road test automobiles belonging to customers of Banes Ford. Mohan was accustomed, with Banes Ford's permission, to drive customers' cars from Banes Ford's shop to his home at night and

---

1. The complaint alleges that Ohio Casualty Insurance Company has its principal place of business in Ohio and that Carolina Casualty Insurance Company has its principal place of business in Florida. See Section 1332(c), Title 28, U.S C.

back to the shop again in the morning in order to road test them despite the fact that company cars were at his disposal for his own transportation. While driving a customer's car home on the evening of December 7, 1959, in order to road test it at the request of the customer, Mohan negligently struck Francis Pillo, injuring him. Pillo recovered a verdict of $25,000 in a suit brought against Mohan, Banes Ford, and others, in the Court of Common Pleas of Montgomery County.[2] The judgment was affirmed by the Supreme Court of Pennsylvania, Appeal of Banes Ford Inc., 410 Pa. 417, 189 A.2d 850 (1963). The amount of that judgment with interest, in the sum of $26,838.62, was satisfied by Ohio and is the basis of the suit at bar in which Ohio now seeks to recover from Mohan and Carolina. The complaint has three counts.

The first count alleges a failure by Carolina to negotiate a settlement on behalf of Mohan in the state court suit. The second count is based on an alleged breach by Carolina of its duty to defend Mohan in the state court action. In counts one and two Ohio seeks indemnification for the full amount of the judgment plus interest in the amount we have stated. The third count alleges that Mohan's liability is primary and that Banes Ford is entitled "to complete indemnification and reimbursement" from Mohan and Carolina, and that since the plaintiff-appellant, Ohio, has paid the full amount of the judgment with interest, hereinbefore referred to, it, Ohio, became subrogated to the interest of Banes Ford to that extent. Therefore Ohio claims $10,000 from Carolina, the sum of Carolina's insurance coverage of Mohan, and $26,838.62 from Mohan, the amount paid by Ohio to Pillo with interest from the date of the original judgment, the total recovery "not to exceed $26,838.62, plus interest from the date of original verdict."

█ Jurisdiction is founded on diversity of citizenship and an amount in controversy allegedly in excess of $10,000, exclusive of interest and costs. 28 U.S.C. § 1332. Both insurance policies were delivered in Pennsylvania. The accident occurred in Pennsylvania. The law of Pennsylvania is applicable. New York Life Ins. Co. v. Levine, 138 F.2d 286 (3 Cir. 1943); Bush v. Prudential Ins. Co. of America, 150 F.2d 631, 633 (3 Cir. 1945).

Carolina was served with a copy of the summons together with copies of the complaint by registered mail sent to the Insurance Commissioner of the Commonwealth of Pennsylvania at Harrisburg, Pennsylvania. Service of the summons and complaint was made upon Mohan by serving Mohan's wife at Mohan's apparent "dwelling house or usual place of abode" in accordance with Rule 4(d) (1), Fed.R.Civ.Proc., 28 U.S.C., Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Insofar as the record shows Mohan is not represented by an attorney and seems not to have appeared *pro se.*

Carolina filed a motion entitled "Motion to Dismiss of Defendant, Carolina Casualty Insurance Company". The body of the motion is as follows: "And now, comes the defendant Carolina Casualty Insurance Company, by its attorney, Howard R. Detweiler, who moves to dismiss the complaint filed by the plaintiff, Ohio Casualty Insurance Company, and assigns therefore the following reasons: 1. The complaint of the plaintiff fails to state a claim upon which relief can be granted. 2. The court lacks jurisdiction over the subject matter." After handing down an opinion which held that no cause of action was stated by the complaint, the court below entered an order reading as follows: "And now, to wit, this 27th day of May, A.D.1964, it is ordered that the Motion of defendant Carolina Casualty Insurance Company to dismiss be and the same is hereby granted."

Our difficulty with the judgment from which the appeal is taken, the order of

dismissal of May 27, 1964 quoted above, lies in the fact that it does not definitely dispose of Ohio's claim against Mohan, who it has asserted is primarily liable to it. Rule 54(b), as amended, Fed.R.Civ. Proc., 28 U.S.C., provides: "When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." [3]

No motion to dismiss the complaint was made by Mohan or by anyone acting on his behalf though it is alleged in every count that Mohan is primarily liable. Ordinarily an order to dismiss is taken as running only in favor of the party who makes the motion to dismiss. It does not appear that the court below made any final decision or entered any judgment in respect to Mohan. Certainty in the finality of an adjudication is a necessity for the jurisdiction of a court of appeals of the United States is strictly limited by statute. 28 U.S.C. § 1291.

We hold the order appealed from is not a final decision within the purview of Section 1291, as amended, 28 U.S.C. Consequently the appeal will be dismissed for want of jurisdiction.

3. In referring to Rule 54(b) we do not intimate that an express determination by the court below that there is no just reason for delay and an express direction for the entry of judgment in favor of Ohio under the operative facts as alleged would or would not meet the legal requirements imposed by that rule. See Section 1291, 28 U.S.C.