Sheldon **POLAKOFF** and Gloria Polakoff

v.

**J. D. HENDERSON**, Warden United States Penitentiary, Atlanta, Georgia.

**Civ. A. No. 16899.**

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 3, 1973.

Sheldon Polakoff, Pro se.

Gloria Polakoff, Pro se.

John W. Stokes, Jr., U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent.

## ORDER

RICHARD C. FREEMAN, District Judge.

Plaintiff Sheldon Polakoff, an inmate at the Atlanta Federal Penitentiary, has brought this action for damages, based

on alleged deprivations of his rights under the First, Eighth and Fourteenth Amendments by reason of defendant Henderson's denial, pursuant to prison regulations, of rights to marital visitations. Gloria Polakoff joins in this action on the same grounds. In their complaint the plaintiffs seek $100,000 damages. Presently before the court is plaintiffs' motion for summary judgment, in which they ask the court to order the defendant to allow them their rights of consortium and to transfer plaintiff Sheldon Polakoff to an institution where "Off Campus Visits" are implemented.

Also before the court are defendant's motion to dismiss and plaintiffs' motions to amend the complaint and for production of documents.

The defendant bases his motion to dismiss on two grounds: (1) lack of subject matter jurisdiction and (2) failure to state a claim upon which relief can be granted.

## SUBJECT MATTER JURISDICTION

■■ In their complaint the plaintiffs allege that the court has original jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). In connection with their damage claim they mention 28 U.S.C. § 1331. Plaintiffs' reliance on § 1983 is misplaced. As this action is brought against a federal officer, "state action", which is required for there to be a claim under § 1983, is lacking. Parker v. Graves, 479 F.2d 335 (5th Cir. 1973); Davis v. United States, 439 F.2d 1118 (8th Cir. 1971); Hall v. Garson, 430 F.2d 430 (5th Cir. 1970). While not expressly relied upon, the court notes that the plaintiffs also cannot base jurisdiction for this action on 42 U.S.C. § 1985(3). Plaintiffs have not alleged a conspiracy nor any overt acts in furtherance of a conspiracy in deprivation of equal protection of the laws or of equal privileges and immunities under the laws. Such allegations are requisite to a § 1985(3) claim. Kitchen v. Crawford, 326 F.Supp. 1255

(N.D.Ga.1970), aff'd per curiam, 442 F. 2d 1345 (5th Cir.), cert. denied, 404 U.S. 956, 92 S.Ct. 318, 30 L.Ed.2d 272 (1971). Further, as plaintiffs have failed to assert any racial or otherwise class-based discrimination, the complaint fails to state a cause of action under § 1985(3). Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Jacobson v. Industrial Foundation of Permian Basin, 456 F.2d 258 (5th Cir. 1972).

■ In their motion for summary judgment, the plaintiffs seem to rely on 28 U.S.C. § 1331 when they assert that jurisdiction is proper under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens* the Court held to be sufficient a complaint against federal officers alleging naked Fourth Amendment deprivations and relying on the federal question jurisdiction statute, 28 U.S.C. § 1331. It may be that in certain cases a complaint resting upon § 1343(3) and averring an Eighth Amendment deprivation would also suffice against federal officers. See, Howell v. Cataldi, 464 F.2d 272, 274 (3rd Cir. 1972) (dictum). However, the court feels that the complaint *sub judice* does not suffice. Concurring in *Bivens*, Justice Harlan noted that the experience of judges in dealing with private trespass and false imprisonment claims supports the conclusion that courts of law are capable of making the types of judgment concerning causation and magnitude of injury necessary to accord meaningful compensation for invasion of Fourth Amendment rights. He added, "[t]he same, of course, may not be true with respect to other types of constitutionally protected interests, and therefore the appropriateness of money damages may well vary with the nature of the personal interest asserted." 403 U.S. at 409 n. 9, 91 S.Ct. at 2011. The plaintiffs have not convinced the court of the appropriateness of money damages for the alleged deprivation of their rights. Accordingly, this court feels that jurisdic-

tion to maintain this action has not been made out, and the motion to dismiss must be granted. However, even if there is jurisdiction under 28 U.S.C. § 1331, this action must be dismissed for failure to state a claim upon which relief can be granted. *Infra.*

■■ Plaintiffs assert in their complaint that a diversity of citizenship exists between the parties. This bare allegation is not sufficient for a finding that jurisdiction exists under 28 U.S.C. § 1332. A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration. 1 Moore, Federal Practice, ¶ 0.74[6.–5]. Plaintiff Sheldon Polakoff has not alleged that his domicile prior to incarceration was not in the State of Georgia, the domicile of the defendant. Thus, diveristy jurisdiction has not been made out.

■ The court does not, however, agree with defendant's assertion that the present action is barred by the doctrine of official immunity. While in Norton v. McShane, 332 F.2d 885 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965), it was held that various federal executive officials were immune from tort liability under the federal common law, where they were acting within the scope of their duties or in the discharge of their functions, there has been a reluctance to stretch the doctrine too far. Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971). *Anderson* involved claims under 42 U.S.C. § 1983 and rejected the defendants defense of official immunity. While this court has found that plaintiffs do not state a claim under § 1983, they do assert deprivations of their civil rights under the First, Eighth and Fourteenth Amendments. The defense of official immunity in the instant case would seem to fall within the rationale relied upon in *Anderson* to deny the defense.

## FAILURE TO STATE A CLAIM

For purposes of considering the motion to dismiss, plaintiffs' well pleaded allegations are assumed to be true. Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972). Plaintiffs allege that defendant's denial of their rights of consortium constitutes a prohibition against free exercise of religion. They further allege that they are subjected to cruel and unusual punishments by the defendant in that both are suffering physically and mentally due to the denial of their rights of consortium. Gloria Polakoff alleges that she is denied equal protection of the law in that other women are not deprived of their rights inherent in the marriage contract. Sheldon Polakoff alleges that he is denied equal protection of the law in that other similarly situated prisoners are afforded the opportunity for conjugal visits.

As more fully explained below, the court finds that plaintiffs' claim does not come up to the level of a federal constitutional right, so as to be cognizable as a basis for relief in federal court. Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971). Further, the court feels that restriction of the rights of consortium is justified by considerations asserted by the prison authorities. As stated in Sostre v. McGinnis, 442 F.2d 178, 188 (2d Cir. 1971), cert. denied 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972), with reference to state prisoners:

> It is clear that in many respects the constitutionally protected freedoms enjoyed by citizens-at-large may be withdrawn or constricted as to state prisoners, so far as "justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

See also, Jackson v. Bishop, 404 F.2d 571, 576 (8th Cir. 1968).

## FIRST AMENDMENT CLAIMS

■ Plaintiffs' First Amendment claims concern only the denial of the rights of consortium. They do not allege that plaintiff Sheldon Polakoff has been prohibited from attending religious

services or from receiving religious literature. They do not allege punishment in any ordinary sense stemming from the practice of their religion. While they stress that conjugal communication under the vows and contract of marriage is an inherent aspect of the Jewish faith, the same can be said of many other religions. Allowance of the requested relief would go far beyond the religious practices which are permitted for other denominations and faiths within the prison. As held by the Supreme Court, "The State must be steadfastly neutral in all matters of faith, and neither favor nor inhibit religion." Abington School District v. Schempp, 374 U.S. 203, 299, 83 S.Ct. 1560, 1612, 10 L.Ed.2d 844 (1963) (concurring opinion). Respondent cannot favor one religious group over another without running afoul of the neutrality required by the First Amendment. Theriault v. Carlson, 339 F.Supp. 375 (N.D.Ga.1972). Further, the court finds that defendant's reason for refusing to uniformly permit conjugal visits, i.e. the practical problems involved in providing proper facilities for such visits, justifies the denial of relief.

## EIGHTH AMENDMENT CLAIMS

■ Plaintiffs allege that the denial of their rights of consortium constitutes cruel and unusual punishment prohibited by the Eighth Amendment. They do not allege any other acts as cruel and unusual punishment.

"The cruel and unusual punishment clause is a nonstatic, moral precept designed to curb treatment which offends contemporary standards of decency." Anderson v. Nosser, 438 F.2d 183, 190 (5th Cir. 1971). The approach of a federal court to a claim of cruel and unusual punishment is set out in Novak v. Beto, 453 F.2d 661, 670–671 (5th Cir. 1971):

> Our role as judges is not to determine which of these treatments is more rehabilitative than another, or which is more effective than another. The Constitution does not answer such

questions. The scope of our review is very limited under the cruel and unusual punishment clause. . . . *[C]ourts have traditionally confined their review of prison regulations to such standards as "barbarous" and "shocking to the conscience."* (footnote omitted and emphasis added).

The court finds that the denial to prisoners of conjugal visits cannot be characterized as cruel and unusual punishment under the above standards. Accordingly, it finds that the Eighth Amendment claim is without merit. Tarlton v. Clark, *supra.*

## FOURTEENTH AMENDMENT CLAIMS

■ Gloria Polakoff alleges that in being denied her rights of consortium she is being denied equal protection of the law in that other women who have the same binding marriage contract and vows are not deprived of "their rights inherent in the marriage contract," except by due process of law or mutual voluntary consent. It is clear that many other wives of prisoners are not permitted conjugal visits; there is no indication that plaintiff Gloria Polakoff is being discriminated against. The court agrees with the conclusions reached in Payne v. District of Columbia, 102 U.S. App.D.C. 345, 253 F.2d 867 (1958), wherein the plaintiff sued on Fourteenth Amendment grounds for damages and an order permitting conjugal visits between herself and her husband during the time he was lawfully incarcerated. The dismissal of the suit for failure to state a claim upon which relief could be granted was affirmed on appeal.

Plaintiff Sheldon Polakoff contends that he is denied the equal protection of the law since other similarly situated and classified inmates have been afforded the opportunity for conjugal visits. He relies on policies at other institutions and names a prisoner at another institution who has been afforded the opportunity for conjugal visits. The court knows of no statute or case stating that uniform policies are required at each

and every penitentiary within the federal prison system. Indeed, some flexibility for local prison officials to deal with the particular inmate population seems desirable. Further, defendant's denial of the prisoner's request was pursuant to the Bureau of Prisons Policy Statement 7300, 12A, which limits inmate furloughs by institutions for long term adults, such as the Atlanta Federal Penitentiary, to visits in family emergencies, such as critical illness or death of a member of the immediate family, and to leaves to obtain necessary medical treatment at a U. S. Public Health Service Hospital or Veterans Administration Hospital. The court will pursue a course of reluctant interference with the reasonable exercise of discretion by prison officials in the promulgation of internal rules and policies. See, Krist v. Smith, 439 F.2d 146 (5th Cir. 1971); Obrien v. Blackwell, 421 F.2d 844 (5th Cir. 1970).

Accordingly, for the reasons set forth hereinabove, defendant's motion to dismiss is granted.

Plaintiffs have made a motion to amend the complaint to include as party defendants the Attorney General of the United States and Norman A. Carlson, Director of the Bureau of Prisons. The addition of parties is governed by Rule 21, Fed.R.Civ.P. For the reasons set forth above in dismissing the action as to defendant Henderson, the court will not join as defendants the persons set out in plaintiffs' motion to amend. Accordingly, the motion to amend is denied.

Plaintiffs' motions for production of documents was in part voluntarily complied with; insofar as it was not complied with the motion is denied. Similarly, their motion for summary judgment is denied.

▮ The court does not rule on the question of plaintiff Sheldon Polakoff's request to be transferred to another institution pursuant to the Bureau of Prisons Policy Statement 7300, 12A. He has not alleged that he sought such relief from defendant Henderson, the

Director of Prisons or the Attorney General; he must exhaust his remedies with those officials before the relief can be granted by this court. See, Brown v. U. S. Attorney General, 457 F.2d 938 (5th Cir. 1972).

In sum, defendant's motion to dismiss is granted. Plaintiffs' motion for summary judgment and amendment of the complaint are denied. Plaintiffs' motion for production of documents, insofar as it was not voluntarily complied with, is denied.

It is so ordered.