Thelma M. SELL, Plaintiff,

v.

Charles E. PRICE, et al., Defendants.

No. C–3–80–52.

United States District Court,
S. D. Ohio, W. D.

Oct. 16, 1981.

Rudy Wehner, Dayton, Ohio, for plaintiff.

W. McGregor Dixon, Jr., Troy, Ohio, for defendants Price & City of Troy.

Craig Denmead, Columbus, Ohio, for defendant Kar Gard Muffler Centers.

DECISION AND ENTRY ADOPTING
REPORT OF MAGISTRATE IN
ITS ENTIRETY

RICE, District Judge.

The captioned cause is before this Court upon motions to dismiss by Defendants Charles E. Price and the City of Troy, and by Defendant Kar Gard Muffler Centers of Ohio, Inc. (Kar Gard). Three grounds are alleged, to wit:

1. This Court lacks subject matter jurisdiction over the cause of action;

2. The complaint fails to state a claim upon which relief can be granted; and

3. The applicable statute of limitations has expired.

Fed.R.Civ.P. 12(b)(1), (6). In addition, Defendants, Charles E. Price and the City of Troy, move in the alternative for a more definite statement, Rule 12(e).

For the reasons set out below, the motions to dismiss are well taken and hereby granted. The motion for a more definite statement is deemed moot and is not ruled upon.

### I.

Plaintiff's complaint sets out the following facts. On February 24, 1978,[1] defendant Stephen Gladman, an employee of Kar-Gard, executed "an erroneous and false complaint" before the Deputy Clerk of the Municipal Court of Troy. The complaint stated that Dan Snell, plaintiff's husband, stole car parts from Kar-Gard, a violation of O.R.C. § 2913.02(A). Price, the Chief of Detectives in Troy, relied solely on Gladman's information and "assisted" Gladman in executing the complaint. As a result, a warrant for the arrest of Dan Snell was issued by the Deputy Clerk of Miami County Municipal Court. In reliance on the warrant, Troy police officers arrested Dan Snell on February 24, 1978, in the presence of plaintiff. On March 7th, the State of Ohio dismissed the charges against plaintiff's husband. However, on the same day, Gladman and Price appeared before the Miami County Grand Jury, and the Grand Jury issued an indictment charging plaintiff's husband with violation of O.R.C. § 2913.-

---

1. In her complaint, plaintiff alleges that a number of the events outlined in this paragraph occurred in 1978, 1979, or 1980. When spread over three years, the narration in the complaint is nonsensical. Defendants point out that the exhibits filed with the complaint indicate that all the events occurred in 1978, and plaintiff, in her later memoranda, did not contest this assertion. Hence, this Court will ignore the apparent mistakes in the complaint.

02(A). Again, a warrant was issued, Dan Snell was arrested, and on June 5, 1978, the charges were dismissed.

Plaintiff filed her complaint in this Court on February 22, 1980, suing defendants under 42 U.S.C. § 1983 for violation of her constitutional rights under the Fifth and Fourteenth Amendments, and invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(3). She alleged that all the defendants acted under color of law and under the color of the "statutes, ordinances, regulations, customs and usages" of Ohio, Miami County and the City of Troy. Plaintiff alleged several types of damages, to wit: that her car (operated by her husband at the time of his arrest) was impounded, that her husband was unable to support her as a result of his arrest, and that her privacy was invaded.

The case was referred to the United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B), who, on May 5, 1980, in a "Report and Recommendation Regarding Defendants' Motion to Dismiss" recommended that the motion by Defendants Charles E. Price and the City of Troy be granted. Plaintiff filed objections to the Report, and this Court now reviews that Report pursuant to 28 U.S.C. § 636(b)(1)(C). Subsequent to the filing of the Magistrate's Report, Defendant Kar Gard filed a motion before this Court to dismiss pursuant to Rule 12(b)(1) & (6), for the reasons set forth in the Report and the other moving Defendants' memoranda. Since the Magistrate was appointed as special master in this action, pursuant to 28 U.S.C. § 636(b)(1)(B), said motion should properly have been filed before the Magistrate for his recommendation. Nevertheless, given that Kar Gard is requesting that said motion be granted for the reasons set out in the Magistrate's report, and given the further reason that said motion was filed while this Court's review of the Magistrate's report on the other motion was pending, this Court will consider said motion along with the similar motion of Defendants Price and City of Troy.

II.

The motions to dismiss must be granted for two reasons: the action is barred by the applicable statute of limitations (the Court therefore lacking proper subject matter jurisdiction), and the complaint fails to allege facts sufficient to indicate that plaintiff has been deprived of a constitutional right, thus failing to state a claim upon which relief can be granted.

■ In a § 1983 action, a Federal Court must apply the applicable statute of limitations from the forum state. *Board of Regents v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980); *Austin v. Brammer*, 555 F.2d 142, 144 (6th Cir. 1977) (*per curiam*). Plaintiff in the instant case filed her suit over a year and a half after the alleged wrongs occurred, and the parties disagree as to which Ohio statute of limitation applies. Defendants argue that the complaint states torts of malicious prosecution and false imprisonment, which are expressly under a one year statute of limitations and thus are barred. O.R.C. § 2305.11(A). Plaintiff contends that her complaint sounds in "negligence" and is governed by the four year statute, O.R.C. § 2305.09(D).

■ Plaintiff's complaint does not make clear the precise cause of action she relies upon. However, reading the complaint as a whole indicates that the alleged damages flow from an alleged false arrest and false imprisonment. These are intentional acts and it is difficult to characterize them as "negligent" acts. *Cf. Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). In a case similar to the instant one, the Sixth Circuit examined a complaint combining false imprisonment charges with charges of deprivation of constitutional rights. The court concluded that the latter charges were "merely descriptive of the damages that resulted from the tort of false imprisonment," *Kleve v. Negangard*, 330 F.2d 74, 75–76 (6th Cir. 1964) (*per curiam*), and that the statute of limitation for false imprisonment applied to the action. This Court concludes that the com-

plaint states a false imprisonment tort[2] and thus is barred by the one year statute of limitations.

■ Even if this action were not time-barred, the complaint initiating same would fail to state a claim upon which relief can be granted. The first inquiry in any § 1983 suit "is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan, supra,* 443 U.S. at 140, 99 S.Ct. at 2692. *See also, Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1913–14, 68 L.Ed.2d 420 (1981). While not entirely clear, plaintiff appears to argue that the due process rights of her husband were invaded (with resulting injury to herself) when Gladman and Price improperly filed a "false" complaint and obtained warrants for his arrest. However, the procedures Gladman and Price followed complied with federal constitutional and Ohio statutory requirements. Pursuant to Ohio R.Crim.P. 3, the complaint was made upon oath. The parties need not have had personal knowledge of the commission of the alleged theft before filing the complaint. *State v. Villagomez,* 44 Ohio App. 2d 209, 337 N.E.2d 167 (1975).

■ Moreover, the warrants were issued upon "probable cause" as required by Ohio R.Crim.P. 4(A)(1) and the Fourth Amendment. Plaintiff alleges no facts to indicate that the warrants issued pursuant to the complaint and the grand jury indictment, respectively, were issued in a manner violative of her husband's constitutional rights. Plaintiff's allegation that her husband was "falsely arrested" does not, by itself, state an invasion of a Constitutional right. *Baker v. McCollan, supra,* 443 U.S. at 145, 99 S.Ct. at 2695.

■ In addition, Plaintiff has alleged that due to the actions of the Defendants, her "privacy has been invaded and she has been held up to public scrutiny in several lengthy articles appearing in local newspa-

pers." If the newspapers invaded Plaintiff's privacy, a proper action may lie against them. The complaint does not make clear, however, how the Defendants herein have invaded her privacy. In any event, it is doubtful that Plaintiff's invasion of privacy allegation, to the extent that it can be separated from the false imprisonment claim, can be brought under § 1983. *See, Paul v. Davis,* 424 U.S. 693, 712–13, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1976) (disclosure by police of fact of arrest of Plaintiff is not an invasion of the right of privacy protected by the Fourteenth Amendment); *Holman v. Central Arkansas Broadcasting Co.,* 610 F.2d 542, 544 (8th Cir. 1979) (disclosure by police of official acts concerning an arrest is not an invasion of the constitutionally protected right of privacy).

■ Finally, Plaintiff's claim against the remaining Defendant Stephen Gladman must be disposed of. The record indicates that Gladman has not been properly served with summons, and he is not a party to the motions described above. The Court believes that, in any event, Plaintiff cannot proceed against Gladman. Plaintiff in her complaint alleges that Gladman acted "in concert" with the other Defendants. In § 1983 actions, private persons such as Gladman can be sued if they participated in the alleged wrongful conduct by the police, even if the police (or other defendants) are dismissed from the action. *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Macko v. Bryon,* 641 F.2d 447, 450 (6th Cir. 1981) (*per curiam*). Once again, however, the action against Gladman would fail due to the statute of limitations and the failure of the complaint to state a claim for relief for invasion of a right protected by the Fourteenth Amendment. While permitting a complaint to be dismissed against a non-moving defendant is not the "ordinary" practice, *Ohio Casualty Ins. Co. v. Mohan,* 350 F.2d 54, 57 (3rd

---

**2.** Under Ohio law, the tort of false arrest is considered part of the tort of false imprisonment. *See Miltes v. Young,* 59 Ohio App.2d 287, 394 N.E.2d 335 (1978), 23 O.Jur.2d, *False Imprisonment,* §§ 17–18 (1957). Thus, the tort of false arrest is also governed by the one year statute of limitations.

**118**

Cir. 1965), the Court believes it to be appropriate in the instant case where the complaint would fail to state a claim against Gladman and where the action against him would be barred by the applicable statute of limitations, under any reasonable theory set forth in the Plaintiff's complaint. This action of permitting a complaint to be dismissed against the non-moving defendant is particularly appropriate in view of the fact that service has not been perfected on Gladman and the Plaintiff has seemingly made no effort to properly serve him, since the service was returned "unexecuted" on March 10, 1980, some nineteen months ago. The Plaintiff has apparently abandoned her claim against this Defendant. *Cf. Davis v. National Mortgagee Corp.*, 349 F.2d 175, 178 (2d Cir. 1965) (complaint dismissed against defaulting defendant when liability of said defendant was premised on liability of defendants who successfully moved to dismiss the complaint). Hence, the complaint will be dismissed with respect to the Defendant Gladman as well.

Accordingly, for the aforestated reasons, the Court finds that the objections of the Plaintiff to the Report and Recommendation of the Magistrate are not well taken and that said Report and Recommendation should be adopted in its entirety. It is so ordered.

Wherefore, based on the aforesaid, the motions to dismiss by Defendants Charles E. Price and the City of Troy, and by Defendant Kar-Gard, are sustained, for the reasons that the statute of limitations has run (the Court thus lacking subject matter jurisdiction) and the complaint fails to state a claim upon which relief can be granted.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.