**John GRESHAM, et al.**

v.

**Marcia DELL, et al.**

**Civ. No. C85–4069.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 25, 1986.

H. Pierre, Jr., Atlanta, Ga., for plaintiffs.

Marva Jones Brooks, Omni Intern., Atlanta, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This action is before the court on Defendants' motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6), Defendants' motion to stay discovery pending a ruling on their motion to dismiss, Plaintiffs' motion for extension of time to respond, Plaintiffs' motion to

amend, and Defendants' motion to extend time to respond.

Plaintiffs filed this action on September 26, 1985 to redress alleged grievances which they claim resulted from charges of rape being placed against John Gresham. Defendants filed their answer and counterclaim on November 5, 1985. On December 5, 1985, Defendants filed a motion to dismiss. On January 7, 1986, Plaintiffs filed a motion to enlarge time in which to respond to Defendants' motion. On January 17, 1986, Plaintiffs filed a motion for leave to amend the complaint, and a "Motion to dismiss in Opposition to Defendants' Motion to Dismiss." Plaintiffs' opposition to Defendants' motion to dismiss relied almost entirely upon their proposed amended complaint. For this reason, on January 29, 1986, Defendants moved to extend the time in which to reply to Plaintiffs' opposition.

Plaintiffs' motion for extension of time until January 17, 1985, in order to respond to Defendants' motion to dismiss, is granted. The grounds for Plaintiffs' motion for leave to amend the complaint, in order to add greater factual specificity, are far from compelling. Nevertheless, Fed.R.Civ.P. 15(a) requires that leave to amend be granted "when justice so requires," and as this is Plaintiffs' first request for leave to amend, such leave will be granted.

On consideration of Plaintiffs' amended complaint, the court nevertheless concludes that Defendants' motion to dismiss must be granted. Plaintiffs' amended complaint alleges four counts. Count One deals primarily with Defendants' actions in bringing rape charges against John Gresham. This count alleges a conspiracy by Defendants Dell and Derico to violate Gresham's constitutional rights, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, failure to properly investigate by Defendant George Napper, failure to properly train by Defendant City of Atlanta, conscious indifference to the implementation of proper rules by the City of Atlanta, and violations by all Defendants of 42 U.S.C. §§ 1981, 1983 and 1985, and of the First, Fourth, Fifth and Fourteenth Amendments. Count Two concerns the publishing of articles in the Atlanta Journal and Constitution, and alleges that Defendants caused these articles to be published so as to embarrass and humiliate Plaintiffs. Count Three concerns Plaintiff John Gresham's reassignment from detective to patrol officer, and alleges that this reassignment was designed to humiliate and embarrass him and that it has caused him severe physical and psychological problems such that he can no longer perform his job. This count also alleges a concomitant loss of consortium by Plaintiff Janice Gresham as a result of John Gresham's reassignment. Count Four alleges that Defendant Napper placed John Gresham on inactive status so as to humiliate and embarrass him, in violation of his due process rights.

First, the court concludes that Plaintiffs have failed to state a claim under 42 U.S.C. § 1983. In order to maintain a § 1983 action, Plaintiffs must allege a violation of constitutionally guaranteed rights. Plaintiffs' amended complaint alleges that Defendants violated John Gresham's rights under the First, Fourth, Fifth, and Fourteenth Amendments. However, a conclusory allegation that Defendants violated Gresham's right to privacy is, without more, insufficient to raise a First Amendment issue. Similarly, Plaintiffs' allegations are insufficient to implicate Gresham's Fourth Amendment right to be free from illegal arrest. When an arrest is made under authority of a properly issued warrant or indictment, the arrest is not a false arrest. *Rodriguez v. Ritchey*, 556 F.2d 1185, 1190–93 (5th Cir.1977) (en banc). Even an officer who acted with malice in procuring a warrant or indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or grand jury, as that intermediary's "independent" decision "breaks the causal chain and insolates the initiating party." *Id.* at 1193. *See also Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir.1982), *cert. denied*, 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397

(1983); *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir.1984). Plaintiff concedes in Count One that he was arrested pursuant to a grand jury indictment. Therefore, there has been no unconstitutional arrest, and Plaintiff's Fourth Amendment rights are not implicated.

■ John Gresham further asserts unconstitutional deprivations of his due process rights under the Fifth and Fourteenth Amendments. With respect to these claims, Plaintiff asserts a deprivation of both his procedural and substantive due process rights. First, he alleges that his demotion from detective to police officer without notice or a hearing deprived him of a property interest without due process of law. Second, he alleges that Defendants' actions resulted in his imprisonment for eight days prior to posting a $25,000 bond, thus depriving him of a liberty interest.

Under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), Plaintiffs' procedural due process claim cannot be maintained in federal court, as adequate state post-deprivation remedies are available to him. As the Eleventh Circuit recognized in *Gilmere v. City of Atlanta*, 774 F.2d 1495 (11th Cir.1985), the *Parratt* Court's "principal concern was to prevent the trivialization of Section 1983 into a 'font of tort law'." *Id.* at 1498. *Gilmere* further noted that *Parratt*'s analysis is based upon the conclusion that the deprivation of procedural due process does not occur until the Plaintiff is denied "any procedure for redress in the state system." *Id.* at 1499. Thus, so long as a plaintiff has adequate state tort remedies available to him, there has been no constitutional deprivation, and a § 1983 claim in federal court cannot be maintained. Plaintiff here clearly has post-deprivation remedies available to him, in the form of state tort claims. The amended complaint therefore fails to state a § 1983 claim for deprivation of procedural due process.

■ Plaintiffs' substantive due process claim also fails to state a cause of action. John Gresham is apparently asserting in paragraph 17 of the complaint that $25,000 was an excessive bail requirement, and that he was unconstitutionally detained for eight days while he obtained this money. It is well-established that bail set at an amount higher than that which is reasonably necessary to insure a defendant's presence at trial is unconstitutionally "excessive," in violation of the Eighth Amendment as applied to the states through the Fourteenth Amendment. *Stack v. Boyle*, 342 U.S. 1, 4–5, 72 S.Ct. 1, 3–4, 96 L.Ed. 1 (1951); *Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir.1978). However, any requirement which is necessary to provide reasonable assurance of an accused's presence at trial is constitutionally permissible. Moreover, the amount of bail to be assessed in each case is within the sound discretion of the trial judge, and is not subject to question absent a clear abuse of that discretion. *See, e.g., Goodine v. Griffin*, 309 F.Supp. 590 (S.D.Ga.1970). Here, Plaintiff does not allege such an abuse of discretion, nor is $25,000 clearly unreasonable given the charges involved. Therefore, as Plaintiff has alleged no Eighth Amendment violation, his Fourteenth Amendment claims are dismissed.

■ The court also concludes that Plaintiffs' complaint fails to state a cause of action under 42 U.S.C. § 1981. John Gresham alleges that he is a "Black American" and that Defendants acted with "class-based animus." However, Plaintiff alleges no facts which support these allegations, and such conclusory allegations made in the statutory boilerplate of § 1981 are insufficient to state a cause of action under that section. "[S]ome particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the Civil Rights Act." *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982). As Plaintiff has alleged no facts which could show that Defendants were motivated by racial animus, the § 1981 claim must also be dismissed.

■ The court further concludes that Plaintiffs' complaint fails to state a claim pursuant to 42 U.S.C. § 1985. This statute

provides a cause of action for a conspiracy to violate an individual's constitutional rights to equal protection of the laws. The Plaintiffs' amended complaint is insufficient to set forth a cause of action for conspiracy. As the Eleventh Circuit stated in *Fullman v. Graddick*, 739 F.2d 553 (11th Cir.1984),

> [I]n civil rights and conspiracy actions ... more than mere conclusory notice pleading is required [and] ... a complaint will be dismissed as insufficient when the allegations it contains are vague and conclusory ... In conspiracy cases a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed ... A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.

*Id.* at 556–57. Here, Plaintiffs' amended complaint simply states that Defendants conspired to violate John Gresham's constitutional rights. However, the inclusion of the word conspiracy is insufficient, without more, to establish a cause of action under § 1985. *Polakoff v. Henderson*, 370 F.Supp. 690 (N.D.Ga.1973), *aff'd* 488 F.2d 977. As the amended complaint does not contain the necessary elements to establish a conspiracy under 42 U.S.C. § 1985, Plaintiffs' claims of conspiracy are also dismissed.

Finally, Plaintiff Janice Gresham alleges that Defendants' acts resulted in a denial of her "right of consortium." Plaintiffs do not specify which constitutional amendment protects Mrs. Gresham's right to consortium, but apparently assert that the right to consortium is implicit in the Fourteenth Amendment right to privacy. *See, e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (women's right to choose whether to terminate pregnancy); *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972) (right to use contraceptives). However, no court has ever recognized a constitutionally protected right to consortium. The only court which, to this court's knowledge, has considered this issue has concluded that the right to consortium is not within the spectrum of interests guaranteed by the constitution. *Walters v. Village of Oakland*, 548 F.Supp. 417 (N.D.Ill.1982). This court is in agreement with the conclusion reached in *Walters*, that loss of consortium is nothing more than a state law tort which does not rise to a constitutional level. *See also Sell v. Price*, 527 F.Supp. 114, 117 (S.D. Ohio 1981). Therefore, Count Four of Plaintiffs' amended complaint is also dismissed for failure to state a cause of action.

Accordingly, Plaintiffs' motion for extension of time to respond is GRANTED; Plaintiffs' motion to amend is GRANTED; Defendants' motion to dismiss is GRANTED; Defendants' motion for an extension of time to reply is DISMISSED AS MOOT; Defendants' motion to stay discovery is DISMISSED AS MOOT. Defendants are hereby given ten (10) days in which to SHOW CAUSE why their counterclaim should not also be dismissed, or to dismiss same without prejudice. The Clerk is DIRECTED to resubmit the file in ten (10) days from date of entry of this order.