877 F.2d 59
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard Rollon CRAWFORD-EL, Plaintiff-Appellant,
v.
Samuel M. SHAPIRO, Cassandra P. Hicks, Individually and as a
Corporation, Defendants-Appellees.
 No. 89-6570.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1989.
Decided June 5, 1989.
 
 Leonard Rollon Crawford-El, appellant pro se.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leonard Rollon Crawford-El, a Washington state inmate, brought this 42 U.S.C. Sec. 1983 action against the attorneys who represented him in a civil action in Maryland. Crawford-El alleged that the attorneys were state actors by virtue of being licensed by the state of Maryland, and that they were therefore amenable to suit under Sec. 1983. We agree with the district court's conclusion that the defendants were not state actors and consequently were not amenable to suit under Sec. 1983. Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir.1976).
 
 
 2
 Although the district court did not have federal civil rights jurisdiction over Crawford-El's claim under Sec. 1983, the record does not reveal whether diversity jurisdiction existed.* 28 U.S.C. Secs. 1332, 1343. The plaintiff has the burden of alleging and proving jurisdictional facts. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1935). Although leave to amend for purposes of establishing jurisdiction is liberally granted at both the trial and appellate court levels, Local No. 1 (ACA) v. Int'l Brotherhood of Teamsters, 614 F.2d 846, 853 (3d Cir.1980); 28 U.S.C. Sec. 1653, Crawford-El failed to allege diversity jurisdiction at any time, either in the district court or on appeal. In the absence of any basis for concluding that diversity jurisdiction exists, we affirm the district court's dismissal of the complaint.
 
 
 3
 We dispense with oral argument because the dispositive issues have been decided authoritatively and argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Crawford-El retains the domicile he had at the time of his incarceration. Polakoff v. Henderson, 370 F.Supp. 690 (N.D.Ga.1973), aff'd, 488 F.2d 977 (5th Cir.1974). There is no information in the record regarding Crawford-El's pre-incarceration domicile or the citizenship of the defendants