IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40693
Summary Calendar
_____

RUDY GUTIERREZ,

Plaintiff-Appellant,

versus

F. XAVIER ORNELAS; JOSEPH PRESTIA;
LAW OFFICES OF PRESTIA & ORNELAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CV-149
--------------------
November 7, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rudy Gutierrez, federal prisoner # 66758-079, appeals the district court's dismissal of his complaint for lack of jurisdiction.  In his appellate brief, Gutierrez does not address whether the district court erred in dismissing his complaint for lack of diversity jurisdiction and has abandoned this issue on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Moreover, although Gutierrez was incarcerated in Tennessee for a period of time, he has not shown that his Texas domicile changed as a result of that incarceration.  See

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ellingburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1972);

Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973),

aff'd, 488 F.2d 977 (5th Cir. 1974).  Because there was no

diversity of citizenship between Gutierrez and Xavier Ornelas and

Joseph Prestia, the district court did not err in dismissing his

complaint for lack of jurisdiction.  See 28 U.S.C. § 1332(a);

Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Gutierrez also argues that the district court erred in

denying him leave to file an amended complaint raising a

42 U.S.C. § 1983 claim against Ornelas and Prestia.  Because the

district court struck Gutierrez's first amended complaint and

because the defendants had not yet filed a responsive pleading,

see McGuire v. Turnbo, 137 F.3d 321, 325 & n.4 (5th Cir. 1998),

the district court erred in refusing to allow Gutierrez leave to

amend his complaint.  However, such error was harmless because

Gutierrez did not allege sufficient facts to assert a 42 U.S.C.

§ 1983 claim against Ornelas and Prestia because they are private

parties and not state actors.  See Johnson v. Dallas Indep. Sch.

Dist., 38 F.3d 198, 200 (5th Cir. 1994); Mills v. Criminal Dist.

Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).  Further,

Gutierrez's conclusional allegations that his attorneys conspired

with prison officials are insufficient to establish a conspiracy

claim.  See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir.

1986).  Therefore, the district court's judgment is AFFIRMED.

See Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

AFFIRMED.