United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50336
Summary Calendar
_____

ARNULFO CHAPA,

Plaintiff-Appellant,

versus

R.P. INGRAM; BOB INGRAM REAL ESTATE INVESTMENTS; R.E. JENKINS,
JR.; ROGELIO ESTRADA; KAREN DUTY; ISABEL TREVINO; KAMAL K. PATEL;
MANUELA ESTRADA; NELDA TREVINO; THREE JOHN DOE INSURANCE
COMPANIES,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-453-JN
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Arnulfo Chapa seeks leave to proceed in forma pauperis

("IFP") in this appeal from the district court's dismissal of his

civil suit, which invoked diversity jurisdiction and raised

claims under the Racketeer Influenced and Corrupt Organizations

Act (RICO) as well as state law. The district court denied

Chapa's motion for leave to proceed IFP on appeal and certified

that the appeal was not taken in good faith. Chapa challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's certification decision pursuant to <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).

Chapa first argues that he should not be considered a citizen of Texas, the state where he lived prior to his incarceration, because he does not intend to reside there once he has served his sentence. Chapa's conclusional assertions on this issue are insufficient to rebut the presumption that he is a citizen of Texas. <u>See</u> <u>Polakoff v. Henderson</u>, 370 F. Supp. 690, 693 (N.D. Ga. 1973), <u>aff'd</u>, 488 F.2d 977 (5th Cir. 1974) (adopting district court's reasoning).

Chapa's argument that he raised a viable RICO claim is likewise unavailing. Chapa's assertions are insufficient to show a continuing enterprise, which is a necessary element of a RICO claim. <u>See</u> <u>Montesano v. Seafirst Commercial Corp.</u>, 818 F.2d 423, 425-26 (5th Cir. 1987).

Chapa has not shown that he will raise a nonfrivolous issue on appeal or that the district court erred in certifying that an appeal would not be taken in good faith. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Chapa's motion for leave to proceed IFP is DENIED and his appeal is DISMISSED. <u>Baugh</u>, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.