[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10618

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

MICHAEL W. ALMAND,
Court Reporter,
BEVERLY BRIDGES,
Court Reporter,
KIMBERLY ELIAS,
Court Reporter,
DONNA HASINSKI,
Court Reporter,
VICTORIA A. SCHUSTER,

Court Reporter, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02772-WMR

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker appeals the district court's orders dismissing his initial complaint, denying leaving to amend the initial complaint, and denying relief from the judgment. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Daker is "a Georgia prisoner serving a life sentence for murder." *Daker v. Jackson*, 942 F.3d 1252, 1255 (11th Cir. 2019). He's also a "serial litigant who has clogged the federal courts with frivolous litigation by submitting over a thousand filings in over a hundred actions and appeals in at least nine different federal courts." *Id.* (marks and citation omitted, alterations accepted).

In 2017, Daker filed a petition for state postconviction relief. In connection with that petition, he submitted Georgia Open

Records Act requests to the court reporters from his criminal trial for the original audio recordings, in order to show by the "tones of voice and demeanors" that the state trial court was biased against him.

When the court reporters didn't respond to his requests, Daker filed this case against them in the district court. Daker's initial complaint alleged two bases for jurisdiction: federal question jurisdiction under 28 U.S.C. section 1331, and diversity jurisdiction under 28 U.S.C. section 1332. The complaint contained thirteen counts against seven court-reporter defendants. Daker alleged that by failing to respond to his records requests, the court reporters violated Georgia's Open Records Act, committed "the torts of violation of public duty . . . [and] intentional infliction of emotional distress," and infringed on his First Amendment right to access the courts.

Before any of the defendants were served, the magistrate judge screened Daker's complaint under the Prisoner Litigation Reform Act, 28 U.S.C. section 1915A. The magistrate judge recommended that: (1) one of Daker's Georgia Open Records Act claims be dismissed because it fell outside the two-year statute of limitations; (2) his First Amendment access-to-court claims be dismissed because they failed to state how the lack of audio recordings prevented Daker from raising a nonfrivolous claim in his postconviction proceedings; and (3) the remaining state-law claims be dismissed for lack of subject-matter jurisdiction because, like the court-reporter defendants, Daker was a resident of Georgia and

thus couldn't satisfy 28 U.S.C. section 1332's diversity requirements.

Daker objected to the magistrate judge's recommendation, moved for the district court to provide him with copies of any judicially noticed materials it cited, and attached a proposed amended complaint. The district court overruled his objections and adopted the magistrate judge's recommendation.

The district court concluded that the First Amendment court-access claims were frivolous because the initial complaint didn't allege facts showing that the state trial court's "tone and demeanor" kept Daker from filing a nonfrivolous claim for postconviction relief. The district court also agreed with the magistrate judge that, as to his state-law claims, Daker failed to show that the parties were diverse. The district court relied on its order in another case Daker had filed, *Daker v. Redfin Corp.*, No. 1:20-cv-02561 (N.D. Ga. Sept. 1, 2020), *vacated and remanded*, No. 20-13598, 2021 WL 5235102 (11th Cir. Nov. 10, 2021), to determine that Daker was a citizen of Georgia, not Florida. The district court thus dismissed Daker's complaint for failure to state a claim as to his First Amendment court-access claims and for lack of subject matter jurisdiction as to his state-law claims. It also denied Daker's motion for copies of court documents because Daker already had access to the district court's *Redfin* order.

Daker moved several times for reconsideration and relief from judgment, and also sought leave to file an amended complaint. The district court denied these motions. As to Daker's

proposed amended complaint, the district court found that it didn't "cure the defects" in the initial complaint because its allegations of judicial bias were still conclusory and speculative.

## STANDARD OF REVIEW

Where a party argues, for the first time on appeal, that the district court should have recused itself, "we review his recusal request for plain error." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). We review de novo the district court's dismissal of a complaint under section 1951A for failure to state a claim. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). We typically review the district court's denial of leave to file an amended complaint for abuse of discretion, but we review de novo the district court's finding that any amendment would have been futile. *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006). At this stage, we accept all well-pleaded facts as true and assess whether the complaint "states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

Daker raises four issues on appeal. He argues that: (1) the district court and the magistrate judge should have recused themselves; (2) the district court erred in dismissing his initial complaint; (3) the district court erred in denying him leave to file an amended complaint; and (4) the district court should have granted his motions for relief from the judgment.

A.

Daker argues that the district court and the magistrate judge should have recused themselves because they were biased against him. Because Daker didn't seek recusal before the entry of final judgment, we review only under the plain error standard. *See Berger*, 375 F.3d at 1227.

A judge must recuse if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "To disqualify a judge under [section] 455(a), the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *Berger*, 375 F.3d at 1227 (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)). By "extrajudicial sources," we mean that a litigant cannot seek recusal simply because a judge has ruled against him. *Id.* But "[a]n exception to that rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983).

Here, the record shows no objective indication of bias or potential bias from the district court or the magistrate judge. Daker points to the fact that the district court voluntarily recused itself from a number of Daker's cases—over a year after dismissing Daker's complaint in this case—with an order explaining that the court had "become fatigued by the sheer volume of Daker's litigiousness and vexatious filings." *See* Order, *Daker v. Warren*, No. 1:14-cv-3180-SDG, at 2 (N.D. Ga. Mar. 30, 2022). But this order

does not show that the district court plainly erred by failing to recuse a year earlier than it did. Rather, the order shows that the district court was sufficiently self-aware to know when recusal was "prudent," even if not strictly necessary under section 455(a). *Id.* Also, the district court's order shows nothing that calls the magistrate judge's impartiality into question. Daker hasn't shown plain error.

B.

Next, Daker argues that the district court erred in dismissing his initial complaint. As to his First Amendment court-access claims, Daker argues that the district court erred by failing to accept the complaint's allegations as true and did not view the allegations in the light most favorable to him. As to his state-law claims, Daker argues that the district court erred by relying on an order from another case to find that he wasn't a Florida resident for purposes of diversity jurisdiction.

1.

The First Amendment protects inmates' "meaningful access to the courts." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). But to state a First Amendment court-access claim, the inmate must allege facts showing that a state actor "frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim" for postconviction relief. *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 352–57 (1996)).

Under this standard, Daker's initial complaint didn't allege a plausible court-access claim. He alleged that being denied

recordings of his trial hindered his appeals and habeas proceedings because the recordings were necessary to show the state trial court's "tone of voice or demeanor" and bias against him. But this allegation wasn't specific enough to move his claim from the "merely possible" to the "plausible." *See Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Ordinarily, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases . . . do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Not even "expressions of impatience, dissatisfaction, annoyance, [or] anger" require a judge to recuse himself, unless the judge "display[s] a deep-seated favoritism or antagonism that would make a fair judgment impossible." *Id.* at 555–56.

Absent allegations that the recordings (independent of the transcripts) were necessary to show a deep-seated favoritism or antagonism, Daker's complaint didn't plausibly allege that the lack of the recordings hindered his efforts at postconviction relief. Thus, the district court did not err in dismissing his First Amendment claims.[1]

---

[1] The district court dismissed Daker's court-access claims as frivolous, which Daker argues was unfair because the magistrate judge recommended that they be dismissed for failure to state a claim. Because we conclude that Daker's complaint failed to state an access-to-courts claim, we need not address whether it was also frivolous. *See Fuqua v. Turner*, 996 F.3d 1140, 1156 (11th

2.

To establish subject matter jurisdiction on the basis of diversity, a plaintiff must show that (1) the amount in controversy exceeds $75,000 and (2) he is a citizen of a different state than every defendant. *See* 28 U.S.C. § 1332(a)(1); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). "When a plaintiff files suit in federal court, [he] must allege facts that, if true, show federal subject matter jurisdiction over [his] case exists." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Citizenship—or "domicile"—means more than just residence in a state: it requires "both residence in a state and an intention to remain there indefinitely." *Id.* (marks and citation omitted). For a prisoner, like Daker, citizenship is determined by his domicile prior to incarceration. *See Polakoff v. Henderson*, 488 F.2d 1977 (5th Cir. 1974) (affirming dismissal for lack of subject matter jurisdiction "for the reasons stated" in the district court's order, which held that a prisoner's domicile is the domicile he had prior to incarceration (citing *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973)).

Daker argues that the district court erred in finding he wasn't a citizen of Florida for diversity purposes because the initial complaint alleged that he had resided in Florida prior to his incarceration and intended to return to Florida upon his release. In his objections to the magistrate judge's recommendation, Daker

Cir. 2021) (explaining that "we may affirm based on any ground supported by the record").

further claimed that his family owned a home and business in Florida prior to his incarceration, that he went to school in Florida, that he "resided in Florida continuously from 1977 to about 1990," and that he continued to "return periodically" to Florida after moving to Georgia in 1990.

But the district court didn't err. It adopted factual findings from another of Daker's cases. *See* Order, *Daker v. Redfin Corp.*, No. 1:21-cv-2651-WMR (N.D. Ga. Sept. 1, 2020). There, the district court found that Daker had lived and worked in Georgia from 1990 until his arrest in 2010, hadn't had a job in Florida during that time, hadn't kept a Florida driver's license, and hadn't shown any objective indicia of intent to return to Florida that predated his incarceration. *Id.* at 5–6. Although we reversed the district court's order in *Redfin*, we didn't find that the district court erred in concluding Daker was a Georgia resident. *See Daker v. Redfin Corp.*, 2021 WL 5235102, at *2 (11th Cir. Nov. 10, 2021).

In *Daker v. Holmes*, 2022 WL 21929076 (11th Cir. June 14, 2022), we rejected the same argument that Daker makes here: that the district court erred by relying on the *Redfin* findings that Daker was a citizen of Georgia. *Id.* at *10. Just as in *Holmes*, the district court here did not err in relying on the *Redfin* findings to conclude that Daker was a Georgia citizen, and, thus, the parties were not diverse.

## C.

Daker also argues that the district court should have allowed him an opportunity to file a first amended complaint. Daker had a

right to file the first amended complaint as a matter of course. *See Williams v. Bd. of Regents of Univ. Sys.*, 477 F.3d 1282, 1292 (11th Cir. 2007). But he did not file the first amended complaint. He included the first amended complaint as an attachment to his objections to the magistrate judge's recommendation, but he never filed it before the district court dismissed the initial complaint. So the first amended complaint never became operative.

Daker later moved to amend his complaint in an alternative request for relief in his first motion for reconsideration. "[I]n doing so, [Daker] waived the right to amend as a matter of course and [he] invited the [d]istrict [c]ourt to review its proposed amendments." *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010). Although leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), the district court does not have to grant leave where the amendment would be futile—that is, "when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Here, the district court did not err in finding that Daker's amendments would have been futile. The first amended complaint Daker attached to his objections didn't add any allegations about judicial misconduct that weren't in the initial complaint.

His proposed second amended complaint, attached to the reconsideration motion, had more allegations that the state trial court: ruled against him, raised objections that the prosecutors

hadn't raised, instructed him to stop talking, and admonished him in front of the jury. But it contained no allegations that Daker's inability to access a *recording* of the proceedings hindered his ability to bring a nonfrivolous claim for postconviction relief. *See Bass*, 143 F.3d at 1445. Without allegations about how not having the recordings blocked his ability to raise a nonfrivolous postconviction claim, Daker's amended court-access claims run into the same problem that doomed the initial complaint.

### D.

Finally, Daker argues that the district court should have granted his motions for relief from the judgment because it erred in dismissing his initial complaint and it should have recused itself. But, as we've already explained, the district court did not err in dismissing the initial complaint and it didn't plainly err in failing to recuse.

**AFFIRMED.**[2]

---

[2] All pending motions are **DENIED**.