Bertman **AMES** and Gloria Ames, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 78–1867.

United States Court of Appeals, Eighth Circuit.

Submitted April 20, 1979.

Decided June 20, 1979.

---

William E. Macklin (on brief), Ahl, Halberg & Nord, Lakeville, Minn., argued for appellants.

John M. Lee, Asst. U. S. Atty. (argued), Andrew W. Danielson, U. S. Atty., and Paul C. Engh, Legal Intern, Minneapolis, Minn., on brief, for appellee.

Before LAY and HEANEY, Circuit Judges, and MEREDITH,* District Judge.

LAY, Circuit Judge.

Plaintiff Bertman Ames appeals the dismissal of his complaint alleging illegal acts and omissions of agents and employees of the Department of Justice, the Internal Revenue Service, the Federal Bureau of Investigation and the United States Attorney for the District of Minnesota and his assistant, in connection with Ames' arrest and trial for conducting an illegal gambling business in violation of 18 U.S.C. § 1955. Jurisdiction exists under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.[1] The district court dismissed the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief could be granted. Fed.R. Civ.P. 12(b)(1) and (6). We affirm, although on somewhat different grounds than those relied upon by the district court.

Plaintiff's complaint against F.B.I. and Department of Justice employees for abuse of process, false arrest and false imprisonment are barred by the Federal Tort Claims Act. As originally enacted the

---

* James H. Meredith, Chief Judge, Eastern District of Missouri, sitting by designation.

1. Jurisdiction is also asserted under 28 U.S.C. § 1343, the jurisdictional counterpart of the Civil Rights Act of 1871, 42 U.S.C. § 1983. By its very terms, however, section 1983 applies only to actions taken under "color of state law." Since the only defendant here is the United States, the lower court's holding that the action was time barred under rules applicable to section 1983 claims was erroneous.

Act excepted any claim against the United States for, *inter alia*, false imprisonment, false arrest, malicious prosecution and abuse of process. 28 U.S.C. § 2680(h) (amended 1974). Effective March 16, 1974, the Act was amended to allow recovery for such actions committed by investigative or law enforcement officers of the United States Government. 28 U.S.C. § 2680(h), *as amended by* Act of Mar. 16, 1974, Pub.L.No. 93–253, § 2, 88 Stat. 50.[2] Since the only acts and omissions alleged in plaintiff's complaint upon which liability of F.B.I. and Department of Justice employees conceivably could be based—plaintiff's arrest, confinement and indictment—occurred prior to March 16, 1974, plaintiff's complaint against those employees is barred. *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir. 1975).[3]

Plaintiff's claim for malicious prosecution also fails to state a cause of action against employees of the Department of Justice and Federal Bureau of Investigation.[4] The tort of malicious prosecution is triggered by institution of criminal proceedings, in this case the return of a grand jury indictment.[5] Restatement (Second) of Torts §§ 653(a), 654(2)(b), Comment (c) (1977). The actions alleged to have been done with malice and without probable cause in the malicious prosecution count are Ames' arrest, confinement, and prosecution, and the placing of a lien against his property. The complaint does not allege specific activity by F.B.I. or Justice Department employees preceding the grand jury indictment and subsequent arrest that could be construed as an allegation that those employees initiated or procured the institution of the grand jury indictment. Furthermore, absent any specific allegation, such as the presentation of false evidence or the withholding of evidence, the grand jury indictment breaks any chain of causation linking the employees' activities to the institution of criminal proceedings, thus insulating the F.B.I. and Justice Department employees from tort liability. *See Rodriguez*

---

2. Section 2680(h) currently reads:

   The provisions of this chapter and section 1346(b) of this title shall not apply to—

   . . . . .

   Any claim arising out of·assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

3. The amendment further limited the liability of the United States to acts or omissions of investigative or law enforcement officers, which the amendment defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Since United States Attorneys are not so empowered, 28 U.S.C. § 547, sovereign immunity still bars suit against the United States. *See Solomon v. United States*, 559 F.2d

309 (5th Cir. 1977). Furthermore, suit against the United States Attorney and his assistant is barred by the doctrine of prosecutorial immunity, *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), at least to the extent the United States may adopt as a defense the personal immunities of its agents. *Cf. Norton v. United States*, 581 F.2d 390, 395–96 (4th Cir.), *cert. denied*, 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 678 (1978); *Jones v. United States*, 536 F.2d 269, 271–72 (8th Cir. 1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977).

4. The complaint against the Internal Revenue Service is barred by 28 U.S.C. § 2401(b). Although an administrative complaint was filed with the Department of Justice within the two year period, no claim was filed with the Department of the Treasury, of which the Internal Revenue Service is a part. *See* 26 U.S.C. §§ 7801, 7802. Unless the appropriate agency is given an opportunity to consider and finally deny the claim, suit is barred. *Provancial v. United States*, 454 F.2d 72, 74 (8th Cir. 1972).

5. Although the grand jury indictment which preceded Ames' arrest is not mentioned in the complaint, it is a matter of court record in the third division of the United States District Court for the District of Minnesota, which was the forum for Ames' gambling prosecution as well as the present civil suit.

*v. Ritchey,* 556 F.2d 1185, 1193 (5th Cir. 1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978); *cf. Dellums v. Powell,* 566 F.2d 167, 192–93 (D.C. Cir. 1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). *See also* Restatement (Second) of Torts § 653, Comment (d) (1977); W. Prosser, The Law of Torts § 119 (4th ed. 1971).

The final count alleges in conclusory fashion that the acts complained of violated Ames' constitutional rights. No allegations of additional activities which would constitute a violation of Ames' constitutional rights are pleaded. Since the actions complained of cannot be the basis for holding the United States liable for common law torts, it follows that they cannot be the basis for its liability under a constitutional or "Bivens" tort theory.[6]

The judgment is affirmed.

---

**6.** *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).