No. 82–145.  SMITH *v.* GONZALES ET AL.  C. A. 5th Cir.
Certiorari denied.

JUSTICE WHITE, dissenting.

The respondent police officer Lane went to the local District Attorney's office with petitioner Smith's minor daughter, who averred that she had had sexual relations with her father.  After hearing her story, an Assistant District Attorney swore out an affidavit and procured an arrest warrant from a judge.  Lane, acting pursuant to the warrant, then arrested Smith on incest charges.  After being tried and acquitted of these charges, Smith filed a 42 U. S. C. § 1983 damages action for deprivation of his constitutional rights, alleging, *inter alia*, that Lane's involvement in his arrest was malicious, harassing, and in bad faith.[1]  After a trial, a jury returned a verdict in favor of Lane.

On appeal, the Court of Appeals held that the claim relating to the incest charges never should have gone to trial, but rather should have been dismissed.  Assuming, *arguendo*, that Lane had, as alleged, acted maliciously by withholding evidence of Smith's innocence from the Assistant District Attorney who obtained the arrest warrant,[2] the court found that the officer was nevertheless insulated from § 1983 liability, because "if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain . . . ."  670 F. 2d 522, 526 (CA5 1982).

---

[1] Smith's complaint also alleged that unconstitutional conduct of Lane caused him to be damaged in a number of other ways that I need not detail here.

[2] In his brief in opposition to certiorari, Lane argues at length that there was no evidence that he withheld any evidence or acted improperly in any manner.  I do not reach this question.  Had the Fifth Circuit rested its holding on this basis, this would be a different case.  But the court did not do so; it was willing to at least assume that there was sufficient evidence that Lane's actions were wrongful.

The Fifth Circuit thus held that an officer cannot be liable even if, by wrongful means, he taints the independent judgment of the grand jury, magistrate, prosecutor, or other intermediary. This holding appears to conflict with statements of the courts in *Smiddy* v. *Varney*, 665 F. 2d 261 (CA9 1981), cert. denied, *ante*, p. 829; *Ames* v. *United States*, 600 F. 2d 183 (CA8 1979); and *Dellums* v. *Powell*, 184 U. S. App. D. C. 275, 566 F. 2d 167 (1977), cert. denied, 438 U. S. 916 (1978). The Ninth Circuit determined in *Smiddy* that an intermediary's independent decision breaks the causal chain and insulates the arresting officer from future liability if, but only if, the officer does not color the intermediary's independent judgment by, for example, exerting pressure or presenting false evidence. 665 F. 2d, at 266–267. The District of Columbia Circuit indicated in *Dellums* that pressure, undue influence, or knowing misstatements by the police could rebut the presumption of independent judgment by United States Attorneys and extend the "chain of causation." 184 U. S. App. D. C., at 300–301, 566 F. 2d, at 192–193. Likewise, the Eighth Circuit in *Ames* stated that "the presentation of false evidence or the withholding of evidence" might preclude an immunization of officers from tort liability. 600 F. 2d, at 185. See also Restatement (Second) of Torts § 653 (1977); W. Prosser, Law of Torts 836–837 (4th ed. 1971).

The differing approaches to the causation problem are typified by three contrasting opinions in *Rodriguez* v. *Ritchey*, 556 F. 2d 1185 (CA5 1977) (en banc), cert. denied, 434 U. S. 1047 (1978), which the court below in the present case purported to follow. The six plurality judges in *Rodriguez* reasoned that the defendant officers could not be liable for a wrongful arrest because an indictment by a properly constituted grand jury "conclusively" determined the existence of probable cause. 556 F. 2d, at 1191 (opinion of Tjoflat, J.). Two specially concurring judges indicated that the plurality's rule might not be applicable should an officer "maliciously or in bad faith seek to obtain an indictment from a grand jury."

*Id.*, at 1195 (opinion of Hill, J.). Six dissenting judges felt that even an officer acting in subjective good faith in procuring an indictment could still be liable if his conduct was not within the "'bounds of reason.'" *Id.*, at 1207 (opinion of Goldberg, J.) (quoting *Wood* v. *Strickland*, 420 U. S. 308, 321 (1975)).

Section 1983 actions for wrongful arrest and prosecution are frequently brought against police officers. The causation issue will be important, if not dispositive, in many of these cases. I would grant certiorari to resolve this significant, recurring question that has divided the lower courts.