Richard SWIFT, Plaintiff,

v.

**UNITED STATES BORDER PATROL, et al., Defendants.**

Civ. A. No. L–82–68.

United States District Court, S.D. Texas, Laredo Division.

May 12, 1983.

Julio A. Garcia and Anna L. Cavazos, Laredo, Tex., for plaintiff.

Hayes Jenkins, Jr., Asst. U.S. Atty., Houston, Tex., for defendants.

## ORDER

KAZEN, District Judge.

On October 22, 1982, Richard Swift commenced this action against the United States Border Patrol, Jose R. Guerra, Joe H. Sanchez and Oscar H. Garza, the latter three defendants being Border Patrol Officers. The Defendants now move to dismiss the complaint on various grounds. The facts, as garnered from the complaint, are that Swift, while working as a taxicab driver on November 14, 1980, was directed by one of his fares to a location where an additional fare would be picked up. When the taxi arrived at this location the passenger whistled and seven individuals emerged from the surrounding brush and attempted to enter the cab. Swift's attempts to physically extricate these individuals were halted by the three Border Patrol Officers mentioned above who apparently viewed the entire incident. Upon being taken into custody, Swift disclosed his version of the events to the officers, who then filed a complaint against the Plaintiff. With this done, a facially valid warrant was issued directing that Swift be arrested. Three days later, on November 17, 1980, the warrant was executed and Swift was taken to jail where he remained until the charges were dismissed on December 10, 1980. The actions by the Defendants in filing the charges and procuring the warrant were allegedly intentional, willful, reckless and malicious. In sum, Swift asserts a claim for unlawful arrest and imprisonment and requests $500,000 in damages.

The first ground for dismissal is that the Court lacks subject matter jurisdiction over the United States Border Patrol. Plaintiff's claims are founded upon the alleged violations of certain amendments to the Bill of Rights of the United States Constitution, specifically the Fourth, Fifth, Sixth and Eighth Amendments. In no way does it appear that he asserts a claim under the Federal Tort Claims Act. *See* 28 U.S.C. § 2671, *et seq.*

■ It is beyond dispute that the United States may not be sued without its consent. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.1982), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982). "The absence of consent is a fundamental, jurisdictional defect that may be asserted at any time...." 14 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3654 (1976). This immunity extends to agencies and officers of the United States as well. *Id.* at § 3655. In view of Rule 8(a) of the *Federal Rules of Civil Procedure*, it is incumbent upon the Plaintiff to state in his complaint the grounds upon which the sovereign consented to this suit. Neither of Swift's grounds for jurisdiction, that is, 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), satisfy this requirement. *See Garcia v. United States*, 666 F.2d at 966 (holding that neither § 1331 nor *Bivens* waives the government's immunity). Accordingly, the complaint alleges no basis for jurisdiction over the United States Border Patrol, "an agency of the Federal Government". If the Plaintiff has already perfected a claim under the FTCA, but simply failed to properly allege such, he will be allowed until May 23, 1983 within which to amend his pleadings.

■ Next, it is asserted that the suit should be dismissed against the individual officers for several reasons. The first is that the period of limitations has run, the second that no cause of action is stated, and, the third that process was ineffectively served. A 12(b)(6) motion is a valid means to raise a limitations defense, *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983), if the defense clearly appears on the face of the complaint. *White v. Padgett*, 475 F.2d 79, 82 (5th Cir.1973), *cert. denied*, 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973). Furthermore, the time in which a *Bivens*

38

claimant has to commence suit is determined by the appropriate state statute of limitations. *Alford v. United States*, 693 F.2d 498 (5th Cir.1982). Which state statute is appropriate depends upon the relationship between the claim encompassed in each statute and those asserted in the complaint. *Donaldson v. O'Connor*, 493 F.2d 507, 528 (5th Cir.1974) *vacated and remanded on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975) (calling this the "resemblance test"). Once the appropriate limitations period is chosen, federal law determines when that period begins to run, that is, when the cause accrues. *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir.1980). One's claim accrues when he knows or has reason to know of the injury forming the basis of the action, *id.* at 1131, that is, when he has actual or constructive knowledge of the facts forming the basis of the suit. *Vigman v. Community National Bank & Trust Co.*, 635 F.2d 455 (5th Cir.1981).

■ Construing the pleadings liberally and assuming the well-pleaded facts as true, *see Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d at 1050, Swift complains of the officers' maliciously swearing to a complaint "valid on its face" and causing to issue a "valid" search warrant, which resulted in his arrest and incarceration. An arrest pursuant to a warrant which is valid on its face is not false. *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir.1982), *cert. denied*, 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982); *Simon v. United States*, 644 F.2d 490, 496 (5th Cir.1981). Nor is incarceration pursuant to a valid arrest false. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Nevertheless, Swift asserts that he was deprived of his liberty without due process, not by the arresting or incarcerating officer, but by these three defendants who *procured* his arrest through a valid warrant. Thus, if anything, Plaintiff asserts a claim for maliciously commencing a criminal prosecution, without probable cause, which culminated in a dismissal of the charges. Upon applying the "resemblance test" mentioned above, the state claim most analogous to that uttered by Swift is malicious prosecution. See *Thomas v. Cisneros*, 596 S.W.2d 313 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.) (stating the elements of malicious prosecution); 37 TEX.JUR.2d *Malicious Prosecution* § 3 (1962) (discussing the difference between malicious prosecution and false imprisonment). The appropriate limitations period for a claim of malicious prosecution is one year. *Tex.Rev.Civ.Stat.Ann. art.* 5524 (Vernon's 1958).

■ According to the complaint, Swift's claim of deprivation arose no later than December 10, 1980, the date on which the charges were dismissed and his incarceration terminated. Prior to that date, as seen from the complaint, Swift knew the officers were aware of his "innocence" since he told them. Also, he knew of their supposed intent to nonetheless prosecute him, and indeed he was arrested. The final pleaded fact which made, or should have made, Swift aware of the unlawfulness of his incarceration came on December 10, 1980 with the dismissal of the charges. The suit was commenced on October 22, 1982, well after the one-year period of limitations had run.

■ Plaintiff also alleges that he was deprived of the assistance of counsel "for several days after his arrest", in violation of his Sixth Amendment Rights. While this allegation may not be subject to the limitations defense, it is difficult to perceive how these Border Patrol Officers would have the responsibility of appointing counsel for the Plaintiff or how they could have prevented such appointment. Plaintiff's allegations are too conclusory to support a cause of action. "To state a claim, a pleader must allege facts, not legal conclusions." *Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir.1982). Plaintiff will be afforded until May 23, 1983 within which to amend his pleadings and furnish more facts to support this cause of action.

In view of the prior rulings, it is not necessary to address Defendants' contention that service of process was deficient.

## SUMMARY

The claims against the Defendants will be DISMISSED, as presently pleaded. Plaintiff is allowed until May 23, 1983 within which to file amended pleadings showing proper compliance with the FTCA and showing a factual basis for the Sixth Amendment claim against the individual Defendants.