**Brian Maurice FULLER, Plaintiff,**

v.

**Jim RICH, et al., Defendants.**

**Civil Action No. 3:94–CV–2604–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 21, 1995.

Brian Maurice Fuller, Three Rivers, TX, pro se.

Jon L. Gant, Attorney at Law, U.S. Attorney's Office, Department of Justice, Dallas, TX, for defendants Jim Rich, Warden FCI Seagoville, Jerry Heftler, Food Services Administrator, Ralph Figueroa, Assistant Food Services Administrator, Rodney Bradford, Food Services Kitchen Foreman, and Ralph Squire.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the defendants Jim Rich, Jerry Heftler, Ralph Figueroa, Rodney Bradford, and Ralph Squire (collectively "defendants") for dismissal of, or alternatively for summary judgment on, all claims asserted by the *pro se* plaintiff, Brian Maurice Fuller ("Fuller"). For the following reasons, the motion is granted.

### I. *BACKGROUND*

Fuller was incarcerated at the Federal Correctional Institution, Seagoville, Texas ("Seagoville") at all times material to this case. During that time, all of the defendants were employed at Seagoville by the Bureau of Prisons. Fuller seeks monetary damages from the defendants for their alleged violation of his rights under the Eighth Amendment to the United States Constitution.

The following facts are alleged in Fuller's complaint, which the court is bound to accept as true for purposes of this motion. On October 31, 1994, Fuller was assigned to a prison job in the Food Service Department. On November 7, 1994, after Fuller had completed his work for the day, he was approached by an inmate who worked in Food Services under the defendants' supervision. The inmate, apparently acting pursuant to the defendants' instructions, informed Fuller

that he was not to return to the Food Services Department for work the next day. Fuller was then informed that the defendants had received some complaints regarding Fuller's employment as a food handler because he is a homosexual and it was rumored that he was HIV positive.

On November 8, 1994, Fuller, as instructed, did not return to work in the Food Services Department. Instead, he had a conference that morning with his unit team (including defendant Squire) where he brought the situation in the Food Services Department to their attention. Later that afternoon Fuller was called to the Food Services Department. Defendant Figueroa then informed Fuller (1) that he should not be around the food or involved in its preparation because of the complaints that Figueroa had received from other inmates and (2) that Fuller's job assignment would be changed. Fuller responded that this was absurd, as he had been medically cleared for his position in the Food Services Department.

Figueroa then informed Fuller that he would be reassigned to the dishroom. Fuller replied that this was unacceptable and that it was humiliating to place him in a particular job area due to his homosexuality. However, Figueroa told Fuller that he had discussed the situation with defendant Bradford and that Fuller could, as an alternative, request a job transfer. Fuller accordingly prepared a transfer request which Figueroa signed.[1] Fuller alleges that since this incident that he deals daily with rumors, innuendos, and ostracism regarding his release from the Food Services Department due to his reputation for being HIV positive.[2]

## II. ANALYSIS

### A. Legal Standard on Motion to Dismiss

 A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 523 (5th Cir.1994). The court must accept as true all well-pleaded facts in the complaint and construe the complaint liberally in favor of the plaintiff. *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir.1994). The court should also give the plaintiff an opportunity to amend his complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985); *see also Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597–99 (5th Cir.1981).

### B. Sovereign Immunity

 It is well established that the United States may not be sued without its consent. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982). This immunity from suit extends to the agencies and officers of the United States as well. *Swift v. United States Border Patrol*, 578 F.Supp. 35, 37 (S.D.Tex.1983), *aff'd*, 731 F.2d 886 (5th Cir.1984) (table).

Rule 8(a) of the Federal Rules of Civil Procedure requires the plaintiff to plead the facts upon which the court's jurisdiction depends. Because the doctrine of sovereign immunity prevents the court from exercising jurisdiction over claims against the United States or its agents without its/their consent, Rule 8 in this context requires the plaintiff to allege specifically the facts that would show such consent or a waiver of immunity.

---

**1.** Fuller prepared an Inmate Request to Staff Member form. In the space provided to explain the problem on which the inmate desires assistance, Fuller stated:

> Per our conversation this date I am submitting the requested cop-out in order to be released from Food Service. I am not being released due to the fact of my job performance nor due to my work habits but rather due to the fact of my sexual preference and various complaints that have came in to the Food Service Management from several inmates. Due to "unforeseen problems" I request to be released from Food Service in order to seek employment elsewhere, due to my "homosexuality."

Defendants' Motion to Dismiss, Exhibit 4.

**2.** Fuller is an admitted homosexual, but it is undisputed that he is not HIV positive.

■ Fuller contends that jurisdiction for this suit is found in the Eighth Amendment to the United States Constitution and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). To sustain a *Bivens* action, a plaintiff must first demonstrate that his constitutional rights have been violated. *Garcia*, 666 F.2d at 962. This Court must, therefore, examine Fuller's allegations of discrimination based on his sexual orientation and determine what constitutional rights are involved and whether any such rights were violated by Fuller's discharge from his prison job.

### C. Constitutional Violations

■ "Deliberate indifference which will result in finding a violation of an inmate's Eighth Amendment rights occurs when an official's conduct disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Fuller v. Wooten*, 1995 WL 539562 (10th Cir.1995) (unpublished) at *2. Fuller alleges that his transfer from his prison job in the Food Services Department because of his sexual orientation constitutes such deliberate indifference and that, as a result, his constitutional rights were violated. Plaintiff's Complaint for Monetary Damages at 2 ("Complaint"). An examination of the applicable case law, however, reveals that the defendants' actions fall short of violating Fuller's constitutional rights, so that Fuller has failed to state a claim over which this court has jurisdiction. *Swift*, 578 F.Supp. at 37.

■ The United States Supreme Court has stated that no fundamental right to engage in homosexual activity exists. *Bowers v. Hardwick*, 478 U.S. 186, 191, 106 S.Ct. 2841, 2844, 92 L.Ed.2d 140 (1986). Nor do homosexuals constitute a suspect or quasi-suspect class entitled to greater than rational basis review under the Due Process Clause of the Fifth Amendment or the Equal Protection Clause of the Fourteenth Amendment. *High Tech Gays v. Defense Industrial Security Clearance Office*, 895 F.2d 563, 571 (9th Cir.1990). However, upon a showing of discrimination resulting from the status of being a homosexual, an equal protection claim arises and the government must establish a rational basis for its actions, policies or regulations to overcome such a claim. *Pruitt v. Cheney*, 963 F.2d 1160, 1165 (9th Cir.1991), *cert. denied*, 506 U.S. 1020, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992).

■ Compelling prison inmates to fulfill work requirements does not violate an inmate's constitutional rights. *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir.1977). Nor does a prisoner have a right to a job in prison or to a particular job assignment or classification. *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir.1982), *cert. denied*, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987). An inmate's particular job classification is ordinarily determined within the broad discretion afforded prison officials.[3] The exercise of that discretion is a process with which the court is reluctant to interfere. *Mikeska v. Collins*, 900 F.2d 833, 836 (5th Cir.1990), *op. withdrawn and superseded on other grounds*, 928 F.2d 126 (1991); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986). However, significant and purposeful differences in job classification are subject to the constitutional requirement that there be some rational basis for the difference in classification and that the classification not be wholly arbitrary and capricious. *Mikeska*, 900 F.2d at 837.

Thus, Fuller may have an enforceable claim unless a rational basis exists for the defendants' actions in this case. However, in light of Fuller's status as a prisoner and the level of constitutional protection afforded homosexuals, it appears that Fuller's claim cannot survive a rational basis review. The Supreme Court stated in *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), that

---

3. 18 U.S.C. § 4122(a) provides that the Federal Prison Industries Board is afforded full discretion in operating prison industries: "Federal Prison Industries shall determine in what manner and to what extent industrial operations shall be carried on in Federal penal and correctional institutions...."

"when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. In our view, such a standard is necessary if 'prison administrators ..., and not the courts, [are] to make the difficult judgments concerning institutional operations.' "

*Id.* at 89, 107 S.Ct. at 2261.

Prisoner work assignment decisions at Seagoville take into account "the inmate's capacity to learn, interests, requests, needs, eligibility, and the availability of assignments, *in consideration of the institution's security and operational needs, consistent with the safekeeping of the inmate and protection of the public.*" Defendants' Motion to Dismiss ("Motion to Dismiss") at 8 (emphasis in original). The defendants argue that in light of the derogatory comments regarding Fuller's homosexuality and the rumors that he was HIV positive, there was a legitimate basis to be concerned about safety problems. *Id.* at 9. In response to these concerns, the defendants determined that Fuller's reassignment within the Food Services Department was warranted. The defendants assert that Fuller's reassignment was rationally related to the legitimate penological interest of protecting Fuller from possible harm at the hands of other inmates and of maintaining the security and orderly operation of the Seagoville institution. *Id.* at 9.

Upon review of the applicable law, this court concludes that Fuller's constitutional rights, particularly his Eighth Amendment rights, have not been violated. Absent a constitutional violation, Fuller cannot state a valid *Bivens* claim. *Garcia,* 666 F.2d at 962. Fuller has asserted no grounds other than *Bivens* and the Eighth Amendment to support his contention that despite the defendants' general immunity from suit, they are nevertheless subject to suit in this case. Nor has Fuller argued that that defendants have waived their immunity or given their consent to be sued. In light of this determination, this court must dismiss Fuller's claim for lack of subject matter jurisdiction. *Swift,* 578 F.Supp. at 37.

### III. *CONCLUSION*

For the reasons stated above, the defendants' motion to dismiss Fuller's claims is **GRANTED.**

**SO ORDERED.**