Robert E. SMITH, Plaintiff,

v.

Sheriff Thomas VAUGHN, individually and officially in his capacity as Sheriff, Desk Sergeant Sally Campbell, Investigator Ed Campbell, and Lieutenant Jim Roy, Defendants.

No. 95–249–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Nov. 20, 1996.

John Dawson Mills, Law Office of John D. Mills, Ft. Myers, FL, for plaintiff.

John W. Lewis, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on the Motion for Summary Judgment (Dkt. 14) and Memorandum of Law (Dkt. 15) of Defendants, Sheriff Thomas Vaughn, individually and officially in his capacity as Sheriff, and Lieutenant Jim Roy, individually. Plaintiff has filed his Opposition to Defendants' Motion for Summary Judgment (Dkt. 19) and Memorandum of Law in Support of Plaintiff's Opposition (Dkt. 20).

### HISTORY

Plaintiff's Complaint states three causes of action. The first cause of action is a civil rights action. The second cause of action is an action for malicious prosecution. The third cause of action is a civil rights action asking for declaratory and injunctive relief.

Defendant Lieutenant Jim Roy's Answer includes affirmative defenses. Lieutenant Roy alleges that probable cause existed to arrest and prosecute Plaintiff for the crimes charged. Lieutenant Roy further alleges that he is immune from liability because he acted in the course and scope of his employment with the Sheriff of Hendry County and all of his actions were taken in good faith and in good faith belief that he was not in any way violating any of Plaintiff's constitutional rights.

Defendant Sheriff Thomas Vaughn's Answer also contains affirmative defenses. In addition to making the same allegations as Lieutenant Jim Roy does in his Answer, Sheriff Vaughn alleges that he is entitled to all of the provisions of *Florida Statute* 768.28 with regards to the state tort action of malicious prosecution. Sheriff Vaughn claims that Plaintiff has not complied with the statute.

All of the parties to this action agreed to the Stipulation Amending and Clarifying Complaint (Dkt. 9), which states that Plaintiff is not attempting to seek punitive damages under any cause of action against Hendry County Sheriff's Department nor Sheriff Thomas Vaughn in his official capacity as Sheriff.

### STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

"The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 323–324 [106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265] (1986)."

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine

issue of material fact. That burden can be discharged by "showing ... that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 323 and 325, 106 S.Ct. at 2552–2553 and 2553–2554.

Issues of fact are "'genuine' only if a reasonable jury considering the evidence presented could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. at 2510.

In determining whether a material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–997 (5th Cir. 1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969).

Although factual disputes preclude summary judgment, the "mere possibility that factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2nd Cir.1980). When a party's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper but required. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982).

### STATEMENT OF FACTS

On February 18, 1994, Plaintiff and his brother, Matt Smith, arrived on the property of Susan Alderman, Matt Smith's former fiance. While Plaintiff and Plaintiff's brother were outside their vehicle, and Ms. Alderman was in her vehicle, Plaintiff's brother and Ms. Alderman participated in a heated argument.

Plaintiff states in his Complaint (Docket No. 1) that Ms. Alderman shouted a threat and attempted to pull a gun out of the hol-ster that was in her vehicle. Plaintiff then lunged toward the vehicle, wrestled Ms. Alderman for the loaded gun, and finally grabbed the gun out of her hand. Plaintiff and Plaintiff's brother then took the gun to Hendry County Sheriff's Department to file a charge of attempted murder against Ms. Alderman.

Plaintiff and Plaintiff's brother reported the incident to Sergeant Forbes at the Hendry County Sheriff's Department. Sergeant Forbes contacted Investigator Teal, who then turned the investigation over to Desk Sergeant Sally Campbell and Investigator Ed Campbell.

According to Desk Sergeant Campbell's affidavit, Ms. Alderman appeared at the Hendry County Sheriff's Department on the date of the incident with swollen lips, bright red gums, and a bruised, swollen hand. Desk Sergeant Campbell took photographs of Ms. Alderman's injuries.

In her statement to Desk Sergeant Campbell on February 18, 1994, Ms. Alderman stated that Plaintiff struck her on the left side of her face and then reached further into her vehicle to retrieve the gun which was in its holster. Ms. Alderman was further injured as she attempted to stop Plaintiff from taking the gun. According to her statement, Ms. Alderman did not take the gun out of its holster, as Plaintiff claims, but only attempted to stop Plaintiff from taking the gun from her vehicle.

Plaintiff and Plaintiff's brother allegedly refused to give Desk Sergeant Campbell their statements of what happened. In Desk Sergeant Campbell's presence, Ms. Alderman allegedly told Plaintiff's brother "I'm tired of your family hitting me" to which Plaintiff's brother allegedly responded "I know, it won't happen again. This will end it."

Desk Sergeant Campbell, whom Plaintiff claims knew Ms. Alderman personally because her mother used to work at Hendry County Sheriff's Department, consulted with Investigator Ed Campbell regarding Ms. Alderman's statement. Investigator Campbell arrested Plaintiff on February 18, 1994 and allegedly told him that his army career was over. Investigator Campbell also allegedly

told Plaintiff that he was going to spend 10 years in jail for the charges being made against him.

The charges against Plaintiff were first degree burglary of a conveyance, grand theft of a firearm, and battery. On August 16, 1994, the state attorney filed a nolle prosequi of all charges at the request of the alleged victim, Ms. Alderman.

Plaintiff's father, a Lee County Sheriff's Officer, traveled to Hendry County Jail, where Plaintiff was being held, and talked to Sheriff Vaughn and other employees of the Sheriff. Plaintiff was then released and was told that the case was over and that nothing further would be done concerning the case.

On February 19, 1994, Plaintiff spoke with Lieutenant Jim Roy and attempted to file a formal complaint regarding the way he was treated on the previous day. Plaintiff claims that Lieutenant Roy refused to allow Plaintiff to file a formal complaint, stated that Plaintiff should still be in his jail and furthermore, told Plaintiff that his army career was over.

The Sheriff's office later presented Susan Alderman's affidavit to the state attorney's office, who filed an Information against Plaintiff (Dkt. 14, Exhibit B). On April 11, 1994, Judge James Sloan determined that probable cause existed to hold Plaintiff for trial (Dkt. 14, Exhibit C).

Six weeks after Plaintiff's return to his army base in Savannah, Georgia, he was approached by his base commander who told him that there was a warrant for his arrest out of Hendry County, Florida. Plaintiff was shocked, humiliated, scared and angry. Plaintiff took a temporary leave from his army base and turned himself in to the Hendry County Jail.

After hiring a criminal defense attorney in the amount of $2,500.00 and posting a $1,500.00 bond, Plaintiff returned to his army camp in Savannah, Georgia. Plaintiff was told that a felony conviction would destroy his accrued benefits and that such a conviction would have him kicked out of the army. Plaintiff claims that he suffered mental worry and anguish until August 16, 1994, when the State Attorney's Office, as a result of Ms. Alderman's request, dismissed the charges against Plaintiff.

## DISCUSSION

### CIVIL RIGHTS ACTION

■ In his first cause of action of the Complaint, a civil rights action, Plaintiff alleges that he was denied his right to freedom from the seizure of his person without lawfully issued warrant, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. Section 1983. Plaintiff also alleges that he was denied due process of law as secured to him by the Fifth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. Section 1983. Finally, Plaintiff alleges that he was denied equal protection of law as secured him by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. Section 1983.

Plaintiff brings forth this cause of action based on his allegations that Defendants Desk Sergeant Sally Campbell and Investigator Ed Campbell arrested him without probable cause on February 18, 1994; that Lieutenant Jim Roy threatened Plaintiff and refused to allow Plaintiff to file a formal complaint against the Hendry County Sheriff's Department; and that Sheriff Thomas Vaughn appeared at Plaintiff's bond hearing and asked for a high bond of $15,000.00.

■ Defendants Sheriff Thomas Vaughn, individually and in his capacity as sheriff, and Lieutenant Jim Roy, individually, assert that probable cause to arrest Plaintiff did exist. "If probable cause exists to arrest a plaintiff, a subsequent action for violation of civil rights arising out of that arrest cannot survive. Proof of the actual existence of probable cause is an absolute bar to a 1983 action." *Marx v. Gumbinner*, 716 F.Supp. 1434, 1437 (S.D.Fla.1989) (citing *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). The existence of probable cause is an absolute bar to a § 1983 action, regardless of whether the arresting officer acted maliciously or in bad faith. *Bootz v. Childs*, 627 F.Supp. 94 (N.D.Ill.E.D.1985); *Van Howell v. Tanner*, 650 F.2d 610 (5th Cir. Unit B, 1981).

A "reasonable person" basis is used to evaluate the existence of probable cause. *Marx*, 716 F.Supp. at 1437. When the facts and circumstances are sufficient to lead an ordinarily prudent and cautious person to believe that an offense has been or is being committed, actual probable cause exists. *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *Sheff v. State of Florida*, 301 So.2d 13 (Fla. 1st DCA 1974), affirmed 329 So.2d 270 (Fla.1976). The fact that a criminal defendant is acquitted or that charges are dropped against the defendant has no impact in the determination of whether the arrest itself was valid or not. *Marx*, 716 F.Supp. at 1437.

Defendants Sheriff Vaughn and Lieutenant Roy further argue that the scenario of being arrested but not convicted is not a cause of action for violation of 42 U.S.C. Section 1983. The Constitution of the United States does not guarantee that only the guilty will be arrested. *Smith v. Gonzales*, 670 F.2d 522 (5th Cir.1982), *cert. denied*, 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982). If it did, every defendant acquitted and every suspect released would have a 1983 cause of action. *Id.* "A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does." *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

Probable cause is ordinarily a question for the jury. *White v. Pierce Co.*, 797 F.2d 812 (9th Cir.1986). Only when there is no conflict in the evidence does the question of probable cause become a question of law for the Court to decide. *Banish v. Locks*, 414 F.2d 638 (7th Cir.1969).

Factual issues relating to Ms. Alderman's injuries and whether or not she reached for the gun before being hit in the face exist. The Court further notes that Plaintiff went to the Sheriff's Department immediately after the incident, prior to the making of Ms. Alderman's statement, and handed in the gun. The Court further notes that the complainant is a police officer, and was a relative of an employee of the Sheriff's Office.

The Court observes that it is very common that crime victims and arrestees give competing versions of the facts. Defendants Sheriff Vaughn and Lieutenant Roy, in their Memorandum in Support of their Motion for Summary Judgment (Docket No. 15), are correct in stating that it "is the purpose of the trial—to determine which of the competing versions is the most believable."

There are some disputed issues of fact in this case. However, the facts upon which the decision to arrest Plaintiff rests are not disputed. These facts include Susan Alderman's affidavit, the pictures of her injuries, and the personal knowledge of Sally Campbell as to the corroborating statement of eyewitness Matt Smith that Robert Smith had struck Susan Alderman. Susan Alderman personally identified Robert Smith as the person who struck her and identified the gun as the one Plaintiff had taken from her. These are the *material* facts. At a later time, based upon these **same facts**, the state attorney's office determined that probable cause existed, and filed an Information. Later still, a state court judge determined that probable cause existed to believe that Plaintiff was guilty of the charges made, and ordered the matter to trial.

There are some troubling issues in this case, including the charge that Defendants violated every standard in State and local police handbooks by conducting an investigation in which they knew the complaining witnesses on a personal level. Susan Alderman's mother worked for the investigating officers in this incident. However, the factual scenario in this case is a far cry from the situation in *Garris v. Rowland*, 678 F.2d 1264 (5th Cir.1982), for example, where an unlawful arrest occurred. As the Court in *Garris* stated, "[W]e have kept in mind the delicate balance between the rights of the citizenry to be protected from uncontrolled, unlawful police action and the necessity that police officers have the discretion and flexibility to act free from burdens imposed by the threat of civil liability."

In order to hold a supervisor liable under 42 U.S.C. Section 1983, the supervisor has to have had personal involvement in the constitutional deprivation, or there must be a

sufficient causal connection between the supervisor's conduct and the constitutional violation. *Dean v. Barber,* 951 F.2d 1210 (11th Cir.1992). Here, the Court has found that probable cause existed for arrest. No matter what alleged threats were expressed, these alleged threats were of no consequence. Any alleged bad motive is immaterial, as there was no § 1983 violation.

Based on the *material* facts, which are not controverted, the Court finds that probable cause existed to arrest Plaintiff, and the Court therefore **grants** summary judgment to Defendants on the § 1983 claim.

### MALICIOUS PROSECUTION ACTION

 In his second cause of action, a malicious prosecution action, Plaintiff alleges that Defendants Sheriff Thomas Vaughn, Desk Sergeant Sally Campbell, and Investigator Ed Campbell knew that the allegations contained in the arrest warrant were false and untrue; that the arrest warrant was brought without probable cause; and further, that the action was instituted and prosecuted with malice and without any reasonable probability of success. Plaintiff alleges that despite these facts, the above mentioned Defendants proceeded with the arrest warrant thereby causing Plaintiff to be arrested. These actions, according to Plaintiff, constitute a wanton and reckless disregard for Plaintiff's legal and protected rights and interests, and a willful attempt to injure Plaintiff.

A substantive element of the claim of malicious prosecution is the absence of probable cause. The Court has found that probable cause was present, and therefore **grants** summary judgment to Defendants on this issue.

### CIVIL RIGHTS ACTION SEEKING DECLARATIVE AND INJUNCTIVE RELIEF

In the third cause of action, a civil rights action seeking declarative and injunctive relief, Plaintiff alleges that the policies of the Hendry County Sheriff's Department previously discussed has, does and will continue to cause Plaintiff and persons similarly situated irreparable harm. Plaintiff further alleges

that unless these policies are stopped, Plaintiff and persons similarly situated will suffer serious and grievous harm.

There is no basis for the Court to grant the relief requested by Plaintiff, as the Court has determined that there was probable cause to arrest Plaintiff. Accordingly, it is

**ORDERED** that the Motion of Defendants for Summary Judgment as to all three causes of actions in the Complaint is **granted,** and the Clerk of Court shall enter a final judgment of dismissal.